IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr2-MHT |
| | ) | (WO) |
| JOSEPH HORNE | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue made by defendant Joseph Horne on February 22, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for March 12, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Horne in a speedy trial. Horne was arraigned on February 6, 2018, and trial was set for March 12, just five weeks later. Horne is

charged with unlawful possession of a firearm and possession with intent to distribute marijuana. The government charged him pursuant to the Armed Career Criminal Act, which means that, if convicted, he will be subject to a mandatory minimum of 15-years incarceration. Defense counsel needs time to investigate whether Horne's previous offenses make him eligible for the enhancement under the Armed Career Criminal Act. The present trial date does not afford defense counsel adequate time to conduct this investigation, confer with Horne about how to proceed, and, if they so decide, prepare for trial. Accordingly, a continuance is warranted and necessary to allow counsel enough time to prepare adequately and effectively for jury selection and trial.

The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Joseph Horne (doc. no. 19) is granted.

(2) The jury selection and trial, now set for March 12, 2018, are reset for April 16, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of February, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**