IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JOSEPH HORNE ) | CRIMINAL ACTION NO.<br>2:18cr2-MHT<br>(WO) |

OPINION AND ORDER

This cause is before the court on defendant Joseph Horne's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for April 16, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Horne in a speedy trial. As

stated in the motion to continue, the indictment states that Horne is eligible for sentencing under the Armed Career Criminal Act, which would carry a 15-year mandatory minimum sentence. Horne requests additional time to thoroughly review the record of his previous convictions and of relevant case law. In addition, counsel for Horne explained on the record on April 2, 2018, that his client would like personally to review and digest this information given the possibility of a significant mandatory minimum sentence. Accordingly, a continuance is warranted to allow Horne's counsel the opportunity to prepare fully and effectively for trial. The government does not object to a continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Joseph Horne (doc. no. 39) is granted.

(2) The jury selection and trial, now set for April 16, 2018, are reset for August 6, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 3rd day of April, 2018.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**