IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr2-MHT |
| | ) | (WO) |
| JOSEPH HORNE | ) | |

OPINION AND ORDER

This cause is before the court on defendant Joseph Horne's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for September 4, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the

> defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Horne in a speedy trial. As stated in the motion to continue, Horne filed a motion to suppress on July 23, 2018, and the current trial date does not provide adequate time to allow the

2

government an opportunity to respond and for an evidentiary hearing to be held. Moreover, the court notes that the indictment indicates that Horne is eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which would carry a hefty 15-year mandatory minimum sentence. Accordingly, a continuance is warranted to allow counsel for both sides the opportunity to address fully the motion to suppress, as well as to engage in any plea negotiations and, if necessary, prepare effectively for trial. The government does not object to a continuance.

***

Accordingly, it is ORDERED as follows:

(1) The motion for continuance of defendant Joseph Horne (doc. no. 71) is granted.

(2) The jury selection and trial, now set for September 4, 2018, are reset for October 9, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 26th day of July, 2018.

                                 /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**