**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:18cr2-MHT |
| **JOSEPH HORNE** | ) | (WO) |

**ORDER**

Defendant Joseph Horne is before the court for sentencing on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He filed a motion for a mental-health evaluation for the purposes of sentencing and for funds to complete the mental-health evaluation. Based on the representations made in open court on January 9, 2019, and based on defense counsel's further explanation that Horne wants an in-depth, longitudinal evaluation at a Bureau of Prisons facility, the court concludes that Horne's motion will be granted to the extent that he wants a mental-health evaluation and that he will receive an

in-depth, longitudinal evaluation at the Bureau of Prisons.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Joseph Horne's motion for mental-health evaluation (doc. no. 106) is granted to the extent that it requests a mental-health evaluation.

(2) Pursuant to the provisions of 18 U.S.C. § 3552(b), the United States Marshal for this district shall immediately remove defendant Horne to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Horne arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(3) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Horne's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

(4) The report shall discuss defendant Horne's mental-health history and characteristics, and shall particularly address and describe: (a) which mental-health disorders, substance abuse disorders, and/or substance addictions, if any, defendant Horne has; (b) other mental-health afflictions and probelms, if any, from which defendant Horne suffers; (c) any childhood or other trauma he has suffered and its impact, if any, on his mental-health and functioning, including any substance abuse or addictions; (d) what Bureau of Prisons programs the court should recommend defendant Horne participate in while incarcerated to address his mental-health and/or substance abuse or addiction needs and history of trauma, if any, and to assist in his rehabilitation; and (e) what programs and

treatment defendant Horne should receive while on supervised release to address his mental-health and/or substance abuse or addiction needs and trauma, if any, and to assist him in becoming a productive member of society and avoiding future criminal activity.

(5) Defendant Horne's motion for mental-health evaluation (doc. no. 106) is denied as moot to the extent that it requests funds to complete a mental-health evaluation.

DONE, this the 17th day of January, 2019.

                                                    /s/ Myron H. Thompson
                                              **UNITED STATES DISTRICT JUDGE**